UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN SHANNON QUINNONES, | : | CIVIL ACTION NO. 3:CV-09-0115 |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | |
| | : | |
| WILLIAM HALL, <u>et al</u>., | : | |
| | : | |
| Defendants | : | |

**<u>ORDER</u>**

**<u>Background</u>**

Plaintiff, Shawn Shannon Quinnones, an inmate formerly confined in the

Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania[1], filed the

above captioned civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges

that correctional officers "tackled her from behind causing the right side of her

face and head to smash into the wall very hard.  Then Defendant Hall smashed her

face first to the grounds while she was handcuffed behind her back."  (Doc. 1,

complaint).  Plaintiff claims that she "sustained a large lump on her forhead (sic)

as well as bruising and swelling on the right side of her face."  <u>Id</u>.  Plaintiff

---

[1]Plaintiff is currently housed in the State Correctional Institution, Cresson,
Pennsylvania. (<u>See</u> Doc. 45, Notice of Change of Address).

further alleges that she was denied medical treatment for her injuries.  Id.  For

relief, Quinnones seeks compensatory and punitive damages.  Id.  The named

Defendants are the following five (5) employees of the Luzerne County

Correctional Facility:  William Hall, George Wolfe, Eric Messersmith, Carleen

Kertz, and James J. Larson.

By Memorandum and Order dated December 22, 2011, Defendants'

motion for summary judgment was denied (see doc. 58), and the case was placed

on the June 2012 trial list. (Doc. 63).

Presently pending before the Court is Plaintiff's motion to appoint

counsel.  (Doc. 60).  For the reasons set forth below, the Court will conditionally

grant Plaintiff's motion for counsel.

**Standard**

A plaintiff in a civil case has no constitutional or statutory right to

counsel.  Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).  The Court

does not have the authority to compel a lawyer to represent an indigent plaintiff.

Tabron v. Grace, 6 F.3d 147, 153 n. 1 (3d Cir. 1993).  Rather, representation for

an indigent is governed by 28 U.S.C. § 1915(e)(1), which only provide that the

court "may request an attorney to represent any person unable to afford counsel,"

(emphasis added), not that the court can order the attorney to do so.  The Third

Circuit Court of Appeals has cautioned that "courts should exercise care in

appointing counsel because volunteer lawyer time is a precious commodity and

should not be wasted on frivolous cases." Parham v. Johnson, 126 F.3d 454, 458

(3d Cir. 1977).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in

deciding whether to seek counsel for a pro se litigant, Montgomery, 294 F.3d at

4498, and the decision can be made at any point in the litigation.  Id. at 503-04.

As a threshold matter, the Court must assess whether the claimant's case has some

arguable merit in fact and law.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

If the plaintiff overcomes this initial hurdle, the Court may then consider the

following non-exhaustive list of factors when appointing pro bono counsel: (1)

the plaintiff's ability to present his own case; (2) the difficulty of the particular

legal issues; (3) the degree to which factual investigations will be necessary and

the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to

retain counsel on his own behalf; (5) the extent to which a case is likely to turn on

credibility determinations; and (b) whether the case will require testimony from

expert witnesses. Id. at 155-56, 157 n.5.

**Discussion**

This pro se case has been placed on the June 2012 trial list.  Plaintiff has

represented himself to this point.  His filings to date have been articulate,

complete with legal citation, lucid and logical.  Plaintiff has successfully

defended against the corrections Defendants' motion for summary judgment, so as

to preserve his Eighth Amendment claims of excessive use of force and denial of

medical care which the Court has found to have arguable merit.  At this point, the

Court agrees with the Plaintiff that counsel should be appointed if one will agree

to serve.

Our decision is based on Plaintiff's "education, literacy, prior work

experience, and prior litigation experience," Tabron, 6 F.3d at 156.  While

Plaintiff, proceeding in forma pauperis, has demonstrated an ability to represent

himself on paper when given sufficient time to do so and research opportunities,

he does not have the ability to properly present this case at trial.  While the

remaining legal issues are not complex, the Court is satisfied that Plaintiff needs

counsel in order to pursue and present them at trial.  Furthermore, it appears that

extensive discovery will not be necessary in this matter, delaying these

proceedings further, as Plaintiff has had the opportunity to utilize the various

discovery tools made available to him via the Federal Rules of Civil Procedure.

However, it may well be that he will need an expert(s) to opine as to his injuries

and the cause of those injuries.  Whether or not such opinion can be obtained is

unknown, but, the Court views the need for Plaintiff to explore this possibility as

essential to the presentation of his case at trial.  In this respect, counsel would be

a necessary ingredient in assisting Plaintiff in the preparation of this aspect of his

case.  Plaintiff  should have the opportunity to determine whether he can secure

medical and/or other expert opinion evidence, and the necessary and appropriate

way to do so is through appointment of counsel.

M.D. Local Rule 83.34.6 provides that a court appointed pro bono

attorney may seek reimbursement of costs not to exceed a limit established by

Standing Order, which at present is $1,500.00 (S.O. 05-05).  An expert's fee

would qualify as an expense for which reimbursement may be sought under this

Local Rule.

Next, the Court examines whether or not this case is likely to turn on

credibility terminations.  The Court is convinced that Plaintiff cannot handle this

aspect of the case.  Counsel is necessary for the cross examination of witnesses,

even perhaps expert witnesses, Defendants may present in this case.  Thus, this factor also weighs in favor of appointment of counsel.

The final <u>Tabron</u> factor for consideration is Plaintiff's ability to afford counsel.  It is clear from the record that Plaintiff cannot afford counsel.

After analysis of the <u>Tabron</u> factors, I find the conditional appointment of counsel in the present case is warranted.  Based on the above, the Court finds that Plaintiff simply cannot present his case at trial without the assistance of counsel.  He may also need a medical or other expert witness with respect to connecting his injuries to the alleged incident and proper examination of defendants' witnesses at trial as well as the presentation of witnesses on his own behalf.  Given the nature of the two remaining Eighth Amendment claims, and the above cited reasons, these factors all point to the conditional appointment of counsel in this case.

Accordingly, Plaintiff's motion for counsel will be conditionally granted.  If counsel cannot be found to represent Plaintiff, the conditional order for appointment of counsel will be revoked.

Plaintiff is advised that if the Court is unable to appoint counsel in this matter, he will be required to proceed with his case without counsel.

**AND NOW, THIS 26 DAY OF MARCH, 2012, IT IS HEREBY**

**ORDERED:**

1.   Plaintiff's motion for appointment of counsel (doc. 60) is conditionally granted.

2.   The Clerk of Court is directed to forward a copy of this Order to the Chair of the Federal Bar Association's Pro Bono Committee, Stephen M. Greecher, Jr., Esquire, Tucker, Arensberg & Swartz, 111 North Front Street, P.O. Box 889, Harrisburg, Pennsylvania, 17108-0889, who shall select, or affect the selection of a member of the Bar Association to represent Plaintiff, Shawn Shannon Quinnones, in this matter.

3.   Appointed counsel for Plaintiff is directed to file an entry of appearance with the Court no later than thirty (30) days from the date of this Order.

 

                          **s/ A. Richard Caputo**

                          **A. RICHARD CAPUTO**

                          **United States District Judge**